1615289

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:16cv62334

| | |
|---|---|
| MAXIMILIANO NAVAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| GO-TILT CONSTRUCTION, LLC, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

**COMPLAINT FOR DAMAGES UNDER 29 U.S.C. §§ 201-216 FOR OVERTIME WAGE
VIOLATIONS AND MINIMUM WAGES**

COMES NOW the plaintiff, MAXIMILIANO NAVAS ("Plaintiff"), by and through the undersigned counsel, and files this Complaint against Defendant, GO-TILT CONSTRUCTION, LLC ("GO-TILT"), and alleges as follows:

1.      This is an action arising under the Fair Labor Standards Act, 29 U.S.C. §§ 201-216.

2.      The Plaintiff was a resident of Broward County, Florida at the time that this dispute arose.

3.      The Defendant Corporation, GO-TILT, is a corporation that regularly transacts business within Broward County. Upon information and belief, GO-TILT was the FLSA employer for Plaintiff's respective period of employment ("the relevant time period").

4.      All acts or omissions giving rise to this dispute took place in Broward County, FL.

5.      This action arises under the laws of the United States.

6.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (§ 216 for jurisdictional placement).

CASE NO.

## COUNT I- FEDERAL OVERTIME WAGE VIOLATION

The Plaintiff reavers and reaffirms each and every allegation contained in paragraphs 1 through 6 as if fully set forth herein.

7.    29 U.S.C. § 207(a)(1) states that if an employer covered under the Fair Labor Standards Act employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty "at a rate not less than one and one-half times the regular rate at which he is employed."

8.    Plaintiff worked for GO-TILT as an hourly employee pumping concrete from approximately October 2014 through August 2016 ("the relevant time period").

9.    GO-TILT's business activities involve those to which the Fair Labor Standards Act applies. GO-TILT's business and the Plaintiff's work for GO-TILT affected interstate commerce for the relevant time period. Plaintiff's work for GO-TILT affected interstate commerce for the relevant time period because the materials and goods that Plaintiff used on a constant and/or continual basis and/or that were supplied to Plaintiff by GO-TILT to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. The Plaintiff's work for GO-TILT was actually in and/or so closely related to the movement of commerce while he worked for GO-TILT that the Fair Labor Standards Act applies to Plaintiff's work for GO-TILT.

10.    Additionally, GO-TILT regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making GO-TILT's business an enterprise covered under the Fair Labor Standards Act.

11.    Upon information and belief, GO-TILT had gross sales or business done in excess of $500,000.00 for each the years during the relevant time period.

2

CASE NO.

12.    Upon information and belief, GO-TILT's gross sales or business done is expected to exceed $500,000.00 for the year 2016.

13.    During the relevant time period, Plaintiff was paid an average of $20.00 per hour for all hours worked per week.  For almost each and every week of Plaintiff's employment with GO-TILT, Plaintiff would work an excess of forty (40) hours per week; however, Plaintiff was not paid the required time-and-a-half overtime rate for all hours worked per week in excess of forty (40) hours as required by the Fair Labor Standards Act.

14.    While he was still employed with GO-TILT, Plaintiff discussed with a representative of GO-TILT the fact that Plaintiff did not believe he was being paid for all time that he worked.  The representative from GO-TILT informed Plaintiff that GO-TILT was removing time from his paycheck for "lunch" breaks that Plaintiff was never allowed to take, and in fact, did not take during his employment with GO-TILT.

15.    Despite's Plaintiff's notice to GO-TILT that GO-TILT was not properly paying him for all of the hours he worked, GO-TILT continued to remove hours from Plaintiff's pay checks and fail to pay him for the appropriate number of hours that Plaintiff worked.

16.    As a result of his conversation with the representative of GO-TILT, Plaintiff began to keep track of his own hours in a calendar, recording the times he "punched in" and "punched out" each day.

17.    Attached hereto as Exhibit "A" is the section of Plaintiff's calendar for May of 2016, including the hours that Plaintiff worked for that month.  Exhibit A indicates that Plaintiff worked forty-five (45) hours and fourteen (14) minutes during the week of May 15, 2016 through May 21, 2016 and that he worked forty-five (45) hours and fifty-five (55) minutes during the week of May 22, 2016 through May 28, 2016.

18.    As indicated by Exhibit A, Plaintiff worked a total of ninety-one (91) hours and

CASE NO.

nine (9) minutes during the pay period of May 15, 2016 through May 28, 2016.

19.    Attached hereto as Exhibit "B" are several of Plaintiff's payroll records from GO-TILT, including the record for the pay period of May 15, 2016 through May 28, 2016.  Exhibit B indicates that Plaintiff was paid for only seventy-five (75) hours during this pay period, despite the fact that Plaintiff actually worked ninety-one (91) hours and nine (9) minutes during the pay period.

20.    Based on the records in Exhibits A and B, it is clear that Plaintiff was not paid the required time-and-a-half overtime rate for all hours worked per week in excess of 40 hours.

21.    Plaintiff does not have records for the entirety of the relevant time period; however, Plaintiff believes that GO-TILT failed to pay the required time-and-a-half overtime rate for all hours worked per week in excess of forty (40) hours as required by the Fair Labor Standards Act numerous times during the relevant time period in the same manner as demonstrated by Exhibits A and B.

22.    Plaintiff therefore claims the time-and-a-half overtime rate based upon his hourly rate for the average of ten (10) to twenty (20) hours worked in excess of forty (40) per week for the relevant time period that Plaintiff was employed by GO-TILT.

23.    GO-TILT willfully and intentionally refused to pay Plaintiff's overtime wages as required by the Fair Labor Standards Act, as GO-TILT knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether GO-TILT's payroll practices were in accordance with the Fair Labor Standards Act. GO-TILT remains owing Plaintiff these wages since the commencement of Plaintiff's employment with GO-TILT for the relevant time period.

24.    As a direct and proximate result of GO-TILT's failure to comply with the Fair Labor Standards Act, Plaintiff has been forced to engage the services of the undersigned and is

CASE NO.

obligated to pay the undersigned reasonable attorneys' fees associated for their efforts in this action.   Pursuant to the applicable provisions of the Fair Labor Standards Act, GO-TILT is obligated to pay these reasonable attorneys' fees.

WHEREFORE, the Plaintiff requests double damages and reasonable attorneys' fees from GO-TILT, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from the relevant time period, or as much as allowed by the Fair Labor Standards Act, along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances.

**COUNT II- FEDERAL MINIMUM WAGE VIOLATION**

The Plaintiff reavers and reaffirms each and every allegation contained in paragraphs 1 through 24 as if fully set forth herein.

25.   29 U.S.C. § 206(a) states that every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, a wage of at least $7.25.

26.   As indicated by Exhibit B, GO-TILT only paid Plaintiff for seventy-two (72) of regular wages during the pay period of May 15, 2016 through May 28, 2016; however, Exhibit A clearly indicates that Plaintiff worked in excess of eighty (80) hours during this pay period.  As a result of GO-TILT's actions, Plaintiff was not paid the required minimum wage for eight (8) hours during this pay period.

27.   Plaintiff does not have records for the entirety of the relevant time period; however, Plaintiff believes that GO-TILT failed to pay the required minimum wage for all hours worked per week as required by the Fair Labor Standards Act numerous times during the relevant time period in the same manner as demonstrated by Exhibits A and B.

5

CASE NO.

28.    GO-TILT willfully and intentionally refused to pay Plaintiff's minimum wage as required by the Fair Labor Standards Act, as GO-TILT knew of the minimum wage requirements of the Fair Labor Standards Act and recklessly failed to investigate whether GO-TILT's payroll practices were in accordance with the Fair Labor Standards Act. GO-TILT remains owing Plaintiff these wages the relevant time period.

29.    As a direct and proximate result of GO-TILT's failure to comply with the Fair Labor Standards Act, Plaintiff has been forced to engage the services of the undersigned and is obligated to pay the undersigned reasonable attorneys' fees associated for their efforts in this action.  Pursuant to the applicable provisions of the Fair Labor Standards Act, GO-TILT is obligated to pay these reasonable attorneys' fees.

WHEREFORE, the Plaintiff requests double damages and reasonable attorneys' fees from GO-TILT, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all minimum wages still owing from the relevant pay period, or as much as allowed by the Fair Labor Standards Act, along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances.

## DEMAND FOR JURY TRIAL

The Plaintiff requests a trial by jury on all issues so triable.


Respectfully submitted this 29th day of September, 2016.


CONROY, SIMBERG
Attorney for Plaintiff
3440 Hollywood Boulevard
Second Floor
Hollywood, FL 33021
Phone:  (954) 961-1400 Broward
Fax:  (954) 967-8577

6

CASE NO.

By:    /s/ Todd M. Feldman, Esq.,
Todd M. Feldman, Esquire
Florida Bar No. 0038992
Stuart F. Cohen, Esquire
Florida Bar No. 986178